# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

D.E. BLANKENSHIP, JR.,

    Petitioner,

vs.

LENARD VARE,

    Respondent.

3:08-cv-00641-LRH-VPC

ORDER

This habeas action under 28 U.S.C. § 2254 comes before the Court for initial review of the second amended petition (#10) under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules"). Following review, it appears that multiple grounds in the amended petition are subject to potential dismissal on one or more grounds. Petitioner therefore will be directed to show cause why the action on the claims specified herein should not be taken.

Petitioner Donald Blankenship challenges his 2002 Nevada state conviction, pursuant to a jury verdict, of three counts of sexual assault of a child under the age of fourteen. He is serving three concurrent life sentences with the possibility of parole after twenty years. Blankenship challenged the conviction on direct appeal and also on state post-conviction review.

*Ground 1(a): Effective Assistance of Trial Counsel – Pretrial Writ of Habeas Corpus*

In Ground 1(a), petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when trial counsel failed to file a pretrial writ of habeas corpus challenging alleged questions of jurisdiction and sufficiency of the evidence. Petitioner alleges that two official investigations were conducted and that the two investigations were in "diametric opposition," without

any further specificity. Petitioner maintains: (1) that a pretrial hearing "would have allowed the Court to determine which of these two conflicting investigations was to be relied upon as true and factual;" (2) that the trial court may have precluded prosecution based upon Nevada state law allowing a conviction upon the uncorroborated testimony of the victim, on the basis that this law established an impermissible conclusive presumption; and (3) that the trial court may have disallowed the jury instruction stating the Nevada state law allowing a conviction based upon the uncorroborated testimony of the victim. Petitioner asserts that if trial counsel had challenged alleged questions of jurisdiction and sufficiency of the evidence, the outcome "may well have been totally different."

The Court will assume, *arguendo*, that Ground 1(a) relates back to a timely-filed claim in the first amended petition, at least to the extent that Ground 1(a) relates to petitioner's underlying contention that the above-referenced Nevada state law impermissibly creates a conclusive presumption.

At the outset, Ground 1(a) fails to state a sufficiently specific claim under Habeas Rule 2 to the extent that the claim alleges that the two investigations were "in diametric opposition" and to the extent that the claim refers to unspecified "questions of jurisdiction." The Court has issued two screening orders specifically directing petitioner to allege his federal habeas claims with particularity. At this point, after two opportunities to amend, claims lacking the requisite specificity simply will be dismissed.

In any event, it would appear that Ground 1(a) is without merit on its face, whether on deferential review under the governing statute or on *de novo* review.

The Supreme Court of Nevada rejected the most closely corresponding claim presented to that court on the following grounds:

> . . . [A]ppellant claimed that his trial counsel was ineffective for failing to move for pretrial hearings. Specifically, appellant claimed that his counsel should have moved for hearings on the following issues: jurisdiction, [and] sufficiency of the evidence . . . . Appellant did not provide any specific details regarding the basis for any of the aforementioned motions or demonstrate that any of these motions would have been successful or changed the outcome of the proceedings. Therefore, the district court did not err in defying this claim.

November 19, 2008, Order of Affirmance, at 5 (#1-1, at electronic docketing page 50)(citation footnote omitted).

-2-

1    The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 2066 n.7,138 L.Ed.2d 481 (1997). Under this deferential standard of review, a federal court may not grant habeas relief merely on the basis that a state court decision was incorrect or erroneous. *E.g., Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). Instead, under 28 U.S.C. § 2254(d), the federal court may grant habeas relief only if the decision: (1) was either contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court. *E.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003).

A state court decision is "contrary to" law clearly established by the Supreme Court only if it applies a rule that contradicts the governing law set forth in Supreme Court case law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result. *E.g., Mitchell,* 540 U.S. at 15-16, 124 S.Ct. at 10. A state court decision is not contrary to established federal law merely because it does not cite the Supreme Court's opinions. *Id.* Indeed, the Supreme Court has held that a state court need not even be aware of its precedents, so long as neither the reasoning nor the result of its decision contradicts them. *Id.* Moreover, "[a] federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." *Mitchell*, 540 U.S. at 17, 124 S.Ct. at 11. For, at bottom, a decision that does not conflict with the reasoning or holdings of Supreme Court precedent is not contrary to clearly established federal law.

A state court decision constitutes an "unreasonable application" of clearly established federal law only if it is demonstrated that the state court's application of Supreme Court precedent to the facts of the case was not only incorrect but "objectively unreasonable." *E.g., Mitchell*, 540 U.S. at 18,124 S.Ct. at 12; *Davis v. Woodford*, 333 F.3d 982, 990 (9th Cir. 2003).

On a claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must demonstrate that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's defective performance caused actual prejudice. On the performance prong, the issue is not

what counsel might have done differently but rather is whether counsel's decisions were reasonable from his perspective at the time. The court starts from a strong presumption that counsel's conduct fell within the wide range of reasonable conduct. On the prejudice prong, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *E.g., Beardslee v. Woodford*, 327 F.3d 799, 807-08 (9th Cir. 2003).

In the present case, the state supreme court's holding that petitioner failed to present sufficient specifics or demonstrate prejudice from the failure to raise the pretrial challenges would appear to be neither contrary to nor an unreasonable application of clearly established federal law. If further appears that petitioner's claims in federal Ground 1(a) lack merit on *de novo* review.

Petitioner's premises underlying Ground 1(a) are fundamentally flawed.

First, merely because the results of two investigations allegedly lead to different results does not provide a basis for a pretrial challenge. Petitioner posits that the trial court would determine in a pretrial hearing which one of the two investigations would be relied upon as true and factual. There is no such procedure. Conflicts in the evidence are resolved by the jury, not by the trial court before trial. Petitioner cannot establish prejudice from the failure to file a pretrial writ on this basis.

Second, the fact that Nevada state law allows a defendant to be convicted upon uncorroborated testimony, if believed by the jury, does not establish a conclusive presumption as to any fact. There thus was not a reasonable probability that a pretrial challenge would have led the trial court to bar the prosecution or to not instruct the jury in accordance with Nevada law.

Ground 1(a) therefore would appear to be subject to dismissal on the merits, both on deferential AEDPA review and on *de novo* review (to the extent, if any, that Ground 1(a) is not fully exhausted as the claim is presented in federal court).

Petitioner therefore must show cause why Ground 1(a) should not be dismissed with prejudice.

***Ground 1(b): Effective Assistance of Trial Counsel – Flight from Prosecution***

In Ground 1(b), petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when trial counsel allegedly failed to adequately investigate, conduct discovery, and communicate with petitioner in preparation for a motion hearing regarding presentation of State evidence seeking to establish that petitioner fled from prosecution.

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether this claim is time-barred for failure to file the claim within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under the AEDPA, in the context presented here, a federal habeas claim must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In the present case, the Supreme Court of Nevada affirmed petitioner's conviction on direct appeal on May 5, 2004. The time period to file a petition for *certiorari* in the United States Supreme Court expired on August 3, 2004. The one-year federal limitation period began to run after that date, unless otherwise tolled.

On or about February 23, 2005, petitioner mailed his state post-conviction petition to the state district court clerk for filing – after 203 days had elapsed in the federal limitation period, unless otherwise tolled.

The state post-conviction proceedings concluded with the issuance of the remittitur on December 16, 2008. The federal one-year limitation period, unless otherwise tolled, expired 162 days later, on May 29, 2009.

The original and first amended petitions were filed prior to the expiration of the federal one-year limitation period. The second amended petition, however, was not mailed for filing until on or about June 17, 2009, after the expiration of the federal limitation period.

A claim in an amended federal habeas petition that is filed after the expiration of the one-year limitation period nonetheless may be timely if it relates back to a timely-filed claim in the preceding petition. *See Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). It does not appear to the Court, however, on preliminary review that Ground 1(b) relates back to any timely-filed claim in the first amended petition.

Petitioner therefore must show cause why Ground 1(b) should not be dismissed as time-barred.

In this regard, the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(*quoting Pace*, 544 U.S. at 418, 125 S.Ct. at 1814). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Further, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Ground 1(b) will be dismissed with prejudice as time-barred unless petitioner shows cause why it should not be dismissed on this basis.

*Ground 1(c): Effective Assistance of Trial Counsel – Cellmate Testimony*

In Ground 1(c), petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when trial counsel allegedly failed to adequately investigate, conduct discovery, and communicate with petitioner in preparation for a motion in limine regarding prosecution testimony by a cellmate.

The discussion above as to Ground 1(b) as to the federal time-bar applies to Ground 1(c) as well. Ground 1(c), too, does not appear on preliminary review to relate back to any claim in the first amended petition. Petitioner must show cause why Ground 1(c) should not be dismissed as time-barred.

*Ground 1(d): Effective Assistance of Trial Counsel – Cross-Examination of Victim*

In Ground 1(d), petitioner alleges that he was denied effective assistance of counsel when trial counsel allegedly failed to adequately investigate, conduct discovery, and communicate with petitioner to prepare to cross-examine the victim in a number of particulars.

-6-

The discussion above as to Ground 1(b) as to the federal time-bar applies to Ground 1(d) as well. Ground 1(d), too, does not appear on preliminary review to relate back to any claim in the first amended petition. Petitioner therefore must show cause why Ground 1(d) should not be dismissed as time-barred.

Further, on preliminary review, it does not appear that Ground 1(d) was fairly presented to the state courts and exhausted on state post-conviction review.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims and/or seeks other appropriate relief.

It does not appear from the decision of the state supreme court that a claim corresponding to federal Ground 1(d) was considered by that court. Petitioner must show cause why the petition, as amended, is not subject to dismissal as a mixed petition because Ground 1(d) was not exhausted. He must cite to the specific pages of his state court papers where the claim was presented both to the state district court and to the state supreme court. Petitioner must attach the papers containing the claim if they have not been filed herein previously.

***Ground 1(e): Effective Assistance of Trial Counsel – Defense Expert Witnesses***

In Ground 1(e), petitioner alleges that he was denied effective assistance of counsel when trial counsel failed to request defense expert witnesses.

The discussion above as to Ground 1(b) as to the federal time-bar applies to Ground 1(e) as well. Ground 1(e) was filed after the limitation period expired, and it does not appear on preliminary review that Ground 1(e) relates back to any claim in the first amended petition. Petitioner therefore must show cause why Ground 1(e) should not be dismissed as time-barred.

***Ground 1(f): Effective Assistance of Trial Counsel – Bad Acts Evidence***

In Ground 1(f), petitioner alleges that he was denied effective assistance of counsel when trial counsel elicited testimony from the sheriff's investigator of prior bad acts by petitioner.

The Court will defer further consideration of Ground 1(f) until after service.

***Ground 2(a): Fair Trial – Alleged Prosecutorial Misconduct***

In Ground 2(a), petitioner alleges that he was denied a right to a fair trial in violation of the Sixth Amendment when the prosecutor allegedly failed to properly present an alleged statement or statements of petitioner during a conference outside the presence of the jury. The only such statement referenced by petitioner is an alleged statement that he had touched his daughter's breasts. Petitioner maintains that the prosecutor's action allowed, in some manner, admission of evidence by the sheriff's investigator of evidence tending to establish that petitioner had sexually molested both of his daughters. Petitioner further maintains that the prosecutor's action permitted, in some manner, defense counsel to ask whether one of the daughters had come to court to lie for her father.

The discussion above as to Ground 1(b) as to the federal time-bar applies to Ground 2(a) as well. Ground 2(a) was asserted after the expiration of the federal one-year limitation period; and it does not appear on preliminary review that Ground 2(a) relates back to any claim in the first amended petition. Petitioner therefore must show cause why Ground 2(a) should not be dismissed with prejudice as time-barred.

Further, on preliminary review, it does not appear that Ground 2(a) was fairly presented to the state courts and exhausted on state post-conviction review. The discussion above as to Ground 1(d) as to the exhaustion doctrine appears to apply to Ground 2(a) as well.

Petitioner must show cause why the petition, as amended, is not subject to dismissal as a mixed petition because Ground 2(a) was not exhausted. He must cite to the specific pages of his state court papers where the claim was presented both to the state district court and to the state supreme court. Petitioner must attach the papers containing the claim if they have not been filed herein previously.

*Ground 2(b): Fair Trial – Alleged Untruthful Testimony*

In Ground 2(b), petitioner alleges that he was denied a right to a fair trial in violation of the Sixth Amendment when the sheriff's investigator failed "to provide facts in a straightforward and truthful manner."

Petitioner alleges that the investigator provided allegedly untruthful testimony in the following respects.

First, in a hearing to determine whether to admit evidence of flight from prosecution, the investigator allegedly could "not remember, with any clarity, what day was what" and went on "to tell the Court the defendant had demanded the Sheriff to return his handgun."

Second, in a hearing to determine whether to admit the testimony of his former cellmate, the investigator allegedly repeatedly told the court that the cellmate had provided a corroborating story known only to the victim, her mother, and the investigator and that was never in any police report. Petitioner further alleges that the defense confronted the investigator with a police report containing the story (which the cellmate allegedly read in petitioner's cell), after which "[n]o more was to be heard of the supposed corroborating story."

Third, the investigator allegedly "thoroughly confuse[d] the facts surrounding the question of flight misleading the jury to believe only days after being warned by the officer the defendant had suddenly left the area."

Fourth, the investigator allegedly "attempt[ed] to vouch for the alleged victim's truthfulness and implie[d] the defendant had made every effort to block the sheriff from interviewing his children."

Fifth, the investigator allegedly told the jury that petitioner "had a violent criminal history, including armed assaults, [that] the children had been taken from their home[,] and infers [that] the defendant had previously been jailed for domestic abuse."

/ / / /

Sixth, the investigator allegedly had "no memory of filing the arrest warrant . . . [in] [a]n effort to hide his continual personal involvement as the sheperd [sic] of this case from the beginning."

Seventh, the investigator allegedly "[i]n concert with the public defender infer[red] not only [that] the defendant sexually abused his daughters, [but that] he probably beat them as well."

The discussion above as to Ground 1(b) as to the federal time-bar applies to Ground 2(b) as well, with the exception of the claims identified below. Ground 2(b) was asserted after the expiration of the federal one-year limitation period. The only timely and specific claims in current Ground 2(a) that appear to relate back to claims presented in Ground 2 of the first amended petition are claims that the investigator allegedly testified untruthfully that "the defendant had a history of violence, including armed assaults" and that "the defendant's children had been removed from his home after these allegations had been made." None of the remaining core facts presenting claims of alleged untruthful testimony by the investigator were alleged in the first amended petition.

Petitioner therefore must show cause why Ground 2(b) should not be dismissed as time-barred as to all claims presented in Ground 2(b) except for claims based upon alleged untruthful testimony that petitioner had a history of violence, including armed assaults, and that petitioner's children had been removed from his home after the allegations were made.

Further, on preliminary review, it appears that Ground 2(b) is procedurally defaulted.

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must establish that some external and objective factor impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To satisfy the prejudice requirement, he must show that the alleged error

resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494, 106 S.Ct. at 2649.

A petitioner who cannot show cause and prejudice still may obtain review of his defaulted claims if he can demonstrate that the failure to consider the claims would result in a fundamental miscarriage of justice. In noncapital cases, however, this exception has been recognized only for petitioners who can demonstrate actual innocence. *E.g., Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997). In order to satisfy this actual innocence gateway, a petitioner must come forward with new reliable evidence that was not presented at the trial that, together with the evidence adduced at trial, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See, e.g., Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see also Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003). In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See, e.g., Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-19, 120 L.Ed.2d 269 (1992).

In the present case, the Supreme Court of Nevada rejected petitioner's claims of perjured testimony as procedurally barred under N.R.S. 34.810(1)(b) because the claims could have been raised on direct appeal but were not.[1]

Petitioner therefore also must show cause why all claims in Ground 2(b) should not be dismissed with prejudice as procedurally defaulted.

***Ground 3: Fair Trial – Trial Court Failure to Resolve Petitioner's Concerns with Counsel***

In Ground 3, petitioner alleges that he was denied a right to a fair trial in violation of the Sixth Amendment when the trial court failed to address and resolve his concerns about the preparedness of his appointed defense counsel.

The Court will defer further consideration of Ground 3 until after service.

/ / / /

/ / / /

---

[1] See November 19, 2008, Order of Affirmance, at 2-3 (#1-1, at electronic docketing pages 47-48). It appears that the claims in federal Ground 2(b) were presented in the state post-conviction petition, over the course of pages 129-205 (in ## 10-6 and 10-7).

***Ground 4: Due Process – Jury Instruction Regarding Uncorroborated Victim Testimony***

In Ground 4, petitioner alleges that he was denied due process in violation of the Fifth Amendment when the state trial court instructed the jury as follows:

> Under Nevada law it is not necessary that the testimony of the victim of the crime of sexual assault be corroborated by other evidence. A jury may convict the accused even though the testimony of the victim constitutes the only evidence as to the commission of the offenses.

Petitioner contends that this jury instruction created a conclusive presumption of guilt and that it shifted the burden of proof to the defendant to prove his innocence beyond a reasonable doubt.

The discussion above as to Ground 2(b) as to the procedural default doctrine applies to Ground 4 as well.

The Supreme Court of Nevada rejected petitioner's claims of jury instruction error as procedurally barred under N.R.S. 34.810(1)(b) because the claims could have been raised on direct appeal but were not.[2]

Petitioner therefore also must show cause why Ground 4 should not be dismissed with prejudice as procedurally defaulted.

It further appears, on *de novo* review, that the due process claim in Ground 4 in any event is without merit. The due process clause does not require that a victim's testimony be corroborated for there to be sufficient evidence to convict a defendant of sexual assault, or any other crime. Petitioner's contentions that the jury instruction creates a conclusive presumption of guilt and that it shifts the burden of proof to the defendant both are without any merit.

Petitioner therefore further must show cause why Ground 4 should not be dismissed with prejudice on the merits.

***Ground 5: Effective Assistance of Appellate Counsel – Failure to Communicate***

In Ground 5, petitioner alleges that he was denied effective assistance of counsel when appellate counsel failed to effectively communicate with him in preparing a direct appeal. Petitioner does not

---

[2] See November 19, 2008, Order of Affirmance, at 2-3 (#1-1, at electronic docketing pages 47-48). It appears that the claim of jury instruction error in federal Ground 4 was presented in the state post-conviction petition, at pages 305-15 (in #10-9, at electronic docketing pages 21-31).

identify a specific issue that appellate counsel should have raised but did not. He alleges that "[t]here may have been particular incidences of error that required the insight of the defendant to have been presented clearly." He asserts that "[m]ost issues" raised in the federal petition were procedurally barred for failure to raise them on direct appeal. He asserts that such issues "may have been successfully argued had appellate counsel communicated with his client."

The discussion above as to Ground 1(b) as to the federal time-bar applies to Ground 5 as well. Ground 5 was asserted after the expiration of the federal one-year limitation period, and it does not appear on preliminary review that Ground 5 relates back to any claim in the first amended petition. Petitioner did not present any claim of ineffective assistance of appellate counsel in the first amended petition.

Petitioner therefore must show cause why Ground 5 should not be dismissed with prejudice as time-barred.

Petitioner further must show cause why Ground 5 should not be dismissed with prejudice on the merits under the governing standard of review in the AEDPA.

The Supreme Court of Nevada rejected the corresponding claim presented to that court on the following grounds:

> . . . [A]ppellant claimed that his appellate counsel was ineffective for failing to communicate with appellant. . . . . Appellant failed to demonstrate that his counsel was deficient or that he was prejudiced. Appellant did not identify what issues his counsel failed to raise as a result of the failure to communicate . . . . Thus, appellant did not demonstrate that his counsel failed to raise issues that would have had a reasonable probability of success on appeal. Therefore, the district court did not err in denying this claim.

November 19, 2008, Order of Affirmance, at 37-38 (#1-1, at electronic docketing page 82-83).

A criminal defendant does not have a right to have his appointed appellate counsel present every nonfrivolous issue that he requests. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). When evaluating claims of ineffective assistance of appellate counsel, the performance and prejudice prongs of the *Strickland* standard partially overlap. *E.g., Bailey v. Newland*, 263 F.3d 1022, 1028-29 (9th Cir. 2001); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Effective appellate advocacy requires weeding out weaker issues with less likelihood of success. The failure to present a

weak issue on appeal neither falls below an objective standard of competence nor causes prejudice to the client for the same reason – because the omitted issue has little or no likelihood of success on appeal. *Id.*

In the present case, it appears that, as the Supreme Court of Nevada observed, petitioner did not identify any specific issue in the claim of ineffective assistance of appellate counsel presented to that court that allegedly should have been raised on direct appeal.[3] Given the failure to identify any specific appeal issue that should have been raised, the state supreme court's rejection of petitioner's claim, for failure to present prejudice, would appear to be neither contrary to nor an unreasonable application of clearly established federal law.

Petitioner therefore must show cause why Ground 5 should not be dismissed on the merits.

IT THEREFORE IS ORDERED that, within sixty (60) days of entry of this order, petitioner shall SHOW CAUSE in writing:

    (a)    why the remaining claims in Ground 1(a) should not be dismissed with prejudice on the merits;

    (b)    why Ground 1(b) should not be dismissed with prejudice as time-barred;

    (c)    why Ground 1(c) should not be dismissed with prejudice as time-barred;

    (d)    why Ground 1(d) should not be dismissed with prejudice as time-barred;

    (e)    why, in the alternative, the petition is not subject to dismissal as a mixed petition because Ground 1(d) is not exhausted;

    (f)    why Ground 1(e) should not be dismissed with prejudice as time-barred;

    (g)    why Ground 2(a) should not be dismissed with prejudice as time-barred;

    (h)    why, in the alternative, the petition is not subject to dismissal as a mixed petition because Ground 2(a) is not exhausted;

    (i)    why Ground 2(b) should not be dismissed as time-barred except for claims based upon testimony that petitioner had a history of violence and that his children were removed from his home after the allegations were made;

---

[3] See State Court Petition, at 316-20 (#10-9, at electronic docketing pages 33-37).

  (j)  why, in the alternative, the entirety of Ground 2(b) should not be dismissed with prejudice as procedurally defaulted;

  (k)  why Ground 4 should not be dismissed with prejudice as procedurally defaulted;

  (l)  why, in the alternative, Ground 4 should not be dismissed with prejudice on the merits;

  (m)  why Ground 5 should not be dismissed with prejudice as time-barred; and

  (n)  why, in the alternative, Ground 5 should not be dismissed with prejudice on the merits.

  If petitioner does not timely respond to this order, action on the above-referenced claims will be taken as described above. If petitioner responds to the order but fails to make a sufficient showing, action on the above-referenced claims will be taken as described above.

  IT FURTHER IS ORDERED that all assertions of fact made by petitioner must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge or that are not supported by specific competent evidence filed by petitioner in the record in this Court.

  IT FURTHER IS ORDERED that petitioner must cite to the specific pages of his state court papers where the federal claims presented in Grounds 1(d) and 2(a) were presented both to the state district court and to the state supreme court. Petitioner must attach the papers containing the claims if they have not been filed herein previously.

  IT FURTHER IS ORDERED that Ground 1(a) is DISMISSED IN PART, for failure to state a sufficiently specific claim, to the extent that the claim alleges that the two investigations were "in diametric opposition" and to the extent that the claim refers to unspecified "questions of jurisdiction."

  DATED this 28th day of January, 2010.

                _____
                  LARRY R. HICKS
                  UNITED STATES DISTRICT JUDGE