# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

D.E. BLANKENSHIP, JR.,

    *Petitioner*,

vs.

LENARD VARE,

    *Respondent.*

3:08-cv-00641-LRH-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court following upon petitioner's response (#12) to the Court's show cause order (#11). The show cause order was directed to multiple issues, following upon initial review under Rule 4 of the Rules Governing Section 2254 Cases.

### *Background*

Petitioner Donald Blankenship challenges his 2002 Nevada state conviction, pursuant to a jury verdict, of three counts of sexual assault of a child under the age of fourteen. He is serving three concurrent life sentences with the possibility of parole after twenty years. Blankenship challenged the conviction on direct appeal and also on state post-conviction review.

*Merits Dismissal of Ground 1(a)*

In Ground 1(a), petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when trial counsel failed to file a pretrial writ of habeas corpus challenging alleged questions of jurisdiction and sufficiency of the evidence. Petitioner alleges that two official investigations were conducted and that the two investigations were in "diametric opposition," without any further specificity. Petitioner maintains: (1) that a pretrial hearing "would have allowed the Court to determine which of these two conflicting investigations was to be relied upon as true and factual;"

1  (2) that the trial court may have precluded prosecution under the conclusive presumption provision of
2  N.R.S. 47.240(3), requiring the State to produce evidence corroborating the victim's testimony; and (3)
3  that the trial court may have disallowed the jury instruction stating the Nevada state law allowing a
4  conviction based upon the uncorroborated testimony of the victim. Petitioner asserts that if trial counsel
5  had challenged alleged questions of jurisdiction and sufficiency of the evidence, the outcome "may well
6  have been totally different."

7  The relevant state court decision together with the governing law on the standard of review and
8  the substantive law is set forth in the show-cause order. See #11, at 2-4.

9  Following review of the show cause response, the Court holds that the claim is without merit.

10  Petitioner contends that trial counsel should have challenged the prosecution as being contrary
11  to a conclusive presumption allegedly created by N.R.S. 47.240(3). That provision states: "Whenever
12  a party has, by his own declaration, act or omission, intentionally and deliberately led another to believe
13  a particular thing true and to act upon such belief, he cannot, in any litigation arising out of such
14  declaration, act or omission, be permitted to falsify it." Petitioner cites no apposite Nevada case law
15  holding that the State is estopped under N.R.S. 47.240(3) from pursuing a prosecution when the results
16  of two investigations allegedly lead to different results. In the second amended petition, he relies upon
17  *Petersen v. Bruen*, 792 P.2d 18 (Nev. 1990). *Peterson*, however, was a civil case, not a criminal case.
18  *Petersen* held that an adult survivor of childhood sexual abuse could overcome the two-year limitation
19  period for personal injury actions in Nevada if, *inter alia*, there was clear and convincing corroborative
20  evidence of the abuse. There is not even a remote – much less a reasonably probable – possibility that
21  the Nevada Supreme Court would extend N.R.S. 47.240(3) and/or the *Petersen* case to a criminal
22  prosecution to require evidence corroborating the testimony of a child victim of sexual abuse due to
23  prior investigations leading to different outcomes.

24  Petitioner therefore cannot establish prejudice on the ineffective assistance claim in Ground 1(a).
25  Petitioner urges in the show cause response that "[p]erhaps the Court might have agreed and decided"
26  in his favor and either barred the prosecution or required corroborating evidence. Petitioner's burden,
27  however, is to demonstrate a reasonable probability that, but for counsel's alleged error, the result of
28  the proceeding would have been different. There is no such reasonable probability on this claim.

Ground 1(a) therefore will be dismissed with prejudice on the merits.

*Time-Barred Claims*

Petitioner filed the original and first amended petitions in this case prior to the expiration of the federal one-year limitation period. His June 17, 2009, second amended petition, however, was not filed until after the federal limitation period had expired on May 29, 2009. See #11, at 5.

Following initial review under Rule 4, it appeared that Grounds 1(b), 1(c), 1(d), 1(e), 2(a) and 5 as well as portions of Ground 2(b) in the second amended petition did not relate back to a timely-filed claim in the prior pleadings.

The Court therefore directed petitioner to show cause why these claims should not be dismissed with prejudice as time-barred. See #11, at 4-10.

Petitioner's sole argument in his response is that a 136 day delay between the December 9, 2008, docketing of the original petition and an April 24, 2009, screening order directing him to amend the petition was "most responsible for creating the circumstance preventing the petitioner from making timely filings." #12, at electronic docketing pages 5-6.[1]

Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

---

[1] The Court notes that petitioner filed an application to proceed *in forma pauperis* with the petition, which was addressed prior to screening. The filing fee in this action was not paid until January 23, 2009.

The delay prior to the Court's April 24, 2009, screening order did not constitute an extraordinary circumstance standing in the way of petitioner presenting timely federal habeas claims in the original petition on December 9, 2008, in the first amended petition on May 15, 2009, or at any other time prior to the expiration of the limitation period on May 29, 2009. It is the petitioner's obligation to timely present claims not that of the Court. The April 24, 2009, screening order clearly informed petitioner, within the limitation period, of the need to allege all of his federal habeas claims with specificity. Petitioner filed his May 15, 2009, first amended petition within the limitation period, but he did not present the claims identified in the show cause order in that pleading. Again, it is the petitioner's obligation to timely present claims within the limitation period. Any delay in the Court reaching this matter for initial screening and identifying deficiencies in petitioner's pleadings did not constitute a circumstance, extraordinary or otherwise, standing in the way of petitioner timely presenting federal habeas claims. Petitioner has been presenting claims *pro se* in state and then federal court since February 2005. He simply did not present the claims identified in the show cause order until after the federal limitation period had expired.

Petitioner has not sought to establish that the identified claims relate back to a timely-filed claim in the first amended petition, and he otherwise makes no other argument seeking to establish that the claims are not time-barred.

Grounds 1(b), 1(c), 1(d), 1(e), 2(a) and 5 as well as the portions of Ground 2(b) identified in the prior order (#11, at 10, lines 13-16) therefore are subject to dismissal with prejudice as time-barred.[2]

*Procedurally-Defaulted Claims*

The state supreme court rejected the claims in federal Grounds 2(b) and 4 when they were presented on state post-conviction review under N.R.S. 34.810(1)(b) because the claims could have been raised on direct appeal but were not. This Court therefore directed petitioner to show cause why the claims should not be dismissed with prejudice as procedurally defaulted. See #11, at 10-11 & 12.

---

[2] Ground 2(b) in any event is subject to dismissal in full as procedurally defaulted, as discussed *infra*. It further appears that Grounds 1(d) and 2(a) are not exhausted. See #11, at 7 & 8-9. Petitioner did not persuasively establish otherwise in his response. The Court further holds, in the alternative, that Ground 5 also is subject to dismissal with prejudice on the merits. See #11, at 13-14. The Court is not persuaded by petitioner's argument to the contrary.

-4-

Petitioner urges, first, that the state court misapplied N.R.S. 34.810(1)(b) because the statute allegedly is written specifically to address successive petitions and his state post-conviction petition was the first and only petition that he filed. The argument is frivolous. The statute expressly provides in pertinent part that "[t]he court shall dismiss a petition if the court determines that . . . [t]he petitioner's conviction was the result of a trial and the grounds for the petition could have been . . . [r]aised in a direct appeal . . . ." N.R.S. 34.810(1)(b)(2). The express terms of the statute belie this argument.

Petitioner urges, second, that he requested that the state supreme court order an evidentiary hearing because he averred that the state district court had erred in applying the procedural bar to the claims but the state high court ignored his request. A bald request for an evidentiary hearing does not preclude application of the procedural bar in question. The substantive claims in Grounds 2(b) and 4 were procedurally barred because they were not presented on direct appeal. Petitioner does not identify any basis for an evidentiary hearing in this regard or any non-frivolous argument as to how the state district court erred.

Petitioner queries, third, whether it would be an appropriate decision under Rule 9 of the Rules Governing Section 2254 Cases to bar the claims. Rule 9 pertains to successive federal petitions and has nothing to do with the state procedural bar applied in this case under N.R.S. 34.810(1)(b).

Grounds 2(b) and 4 are subject to dismissal as procedurally defaulted.[3]

The Court accordingly holds:

    (1)    that Ground 1(a) is without merit;

    (2)    that Grounds 1(b), 1(c), 1(d), 1(e), 2(a) and 5 as well as the portions of Ground 2(b) identified in the prior order (#11, at 10, lines 13-16) are subject to dismissal with prejudice as time-barred;

    (3)    that Ground 2(b), in its entirety, and Ground 4 are subject to dismissal with prejudice as procedurally defaulted; and

    (4)    that, in the alternative, Grounds 4 and 5 also are without merit.

---

[3] The Court further holds, in the alternative, that Ground 4 also is subject to dismissal with prejudice on the merits. See #11, at 12. The Court is not persuaded by petitioner's argument to the contrary.

IT THEREFORE IS ORDERED that, for the foregoing reasons, Grounds 1(a) through (e), 2, 4 and 5 are DISMISSED with prejudice.

IT FURTHER IS ORDERED that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order and the second amended petition (#10) upon respondents by directing a notice of electronic filing to her.

IT FURTHER IS ORDERED that, within sixty (60) days of entry of this order, respondents shall file a response **to Ground 1(f) and Ground 3 only**.

IT FURTHER IS ORDERED if respondents assert any procedural defenses, they shall raise all such defenses together in a single motion to dismiss. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver. The respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to unexhausted claims clearly lacking merit.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim. Respondents shall file – and serve upon petitioner – a single set of state record exhibits relevant to the claims presented.

IT FURTHER IS ORDERED that any state court record exhibits filed herein by respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments.

IT FURTHER IS ORDERED that counsel additionally shall send a courtesy copy hard copy of the exhibits to, for this case, the Las Vegas Clerk's Office, with a cover sheet that clearly states "Courtesy Copy – To Staff Attorney."

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from service of the response to mail for filing a reply to an answer or an opposition to a motion. The deadlines established herein shall override any deadlines established in any order issued under the *Klingele* decision.

1  IT FURTHER IS ORDERED that henceforth, petitioner shall serve upon respondents or, if
2 appearance has been entered by counsel, upon the individual deputy attorney general identified in the
3 notice of appearance, a copy of every pleading, motion or other document submitted for consideration
4 by the Court.  Petitioner shall include with the original paper submitted for filing a certificate stating
5 the date that a true and correct copy of the document was mailed to respondents or counsel for
6 respondents.  If counsel has entered a notice of appearance, petitioner shall direct service to the
7 individual attorney named in the notice of appearance, at the address stated therein.  The Court may
8 disregard any paper received by a district judge or magistrate judge which has not been filed with the
9 Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include
10 an appropriate certificate of service.

11  DATED this 3rd day of May, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE